IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RALPH WILSON LINGO, #190083, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) CASE NO. 1:12-CV-810-TMH |
| | ) |
| LEON FORNISS, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Ralph Wilson Lingo ["Lingo"], a state inmate, on September 18, 2012. In this petition, Lingo challenges convictions for theft by deception and criminal conspiracy imposed upon him by the Circuit Court of Houston County, Alabama on September 15, 2010.

On November 6, 2012, Lingo filed a motion to dismiss in which he requests that this case be dismissed without prejudice to allow him the opportunity to present claims of ineffective assistance of counsel in a Rule 32 petition filed with the state courts. In support of this motion, Lingo maintains the aforementioned claims will relate directly to the substantive claims presented in the instant habeas petition and argues exhaustion of these claims in the state courts should be allowed prior to his proceeding before this court in the

instant habeas action. Lingo also advises that upon completion of the state post-conviction proceedings, he will seek federal habeas relief on all substantive and ineffective assistance claims.

## II. DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Lingo seeks dismissal of this case so that he may exhaust available state court remedies with respect to all claims which he will present for federal habeas relief. This court does not deem it appropriate to rule on the claims presented in this case without first allowing Lingo the opportunity to exhaust available state remedies with respect to any potential claim on which he may seek federal habeas relief. 28 U.S.C. § 2254(1)(b)(2). Moreover, under the circumstances of this case, the court finds that a stay of this case is not warranted pending the outcome of the state court proceedings as there is nothing before this court which indicates the requisite "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Lingo can pursue his state court remedies.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petitioner's motion to dismiss be GRANTED.

2.  The petition for habeas corpus relief be DENIED.

3.  This case be dismissed without prejudice to afford the petitioner an opportunity to exhaust all available state court remedies.

It is further

ORDERED that **on or before November 21, 2012**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of November, 2012.

       /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE